UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| INPWR INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00548-JPH-DLP |
| | ) | |
| GARY CLINTON WRIGHT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON AGREED PERMANENT INJUNCTION**

InPwr Inc. alleges that three of its former employees ("Defendants") started a rival company while working for InPwr and stole valuable trade secrets. *See* dkt. 1. InPwr brings eleven claims for relief under state and federal law against Defendants. *Id.* The parties have reached an agreement to resolve this case. *See* dkts. 30, 32. For the reasons that follow, the Court approves the agreed injunction and the parties' stipulated dismissal of the case.

**I.
Background**

InPwr alleges that Defendants started a company called Prizm Electrical Solutions, Inc., without InPwr's knowledge and began operating the company as a competitor to InPwr. Dkt. 1. InPwr further alleges that Defendants violated their employment contracts, stole confidential trade secrets, and committed various other torts in violation of state and federal law. *See generally id.* at 15–25. InPwr filed this lawsuit seeking damages and an

1

injunction to prevent the continued use of its confidential trade secrets and further competition from Prizm "for jobs that had their inception while the Defendants still worked at InPwr." *Id.* at 26.

The parties have entered into a confidential settlement agreement and filed a motion for Agreed Permanent Injunction and Agreed Order of Dismissal. Dkt. 30. The parties filed a renewed motion requesting an agreed permanent injunction and dismissal of the case without prejudice so the Court could retain jurisdiction to enforce the injunction. Dkt. 32 at 2, ¶ 6. The parties further expressed their agreement that, if necessary, any future breach of their separate settlement agreement will be enforced in state court. *Id.* ¶ 4.

The proposed Injunction provides as follows:

A. Within five (5) business days of the filing of the Joint Motion for Entry of Agreed Permanent Injunction and Agreed Order of Dismissal, Defendants shall identify all of InPwr's Confidential Information (as defined in their respective Non-Disclosure Agreements), whether as a physical or digital/electronic copy, still in their possession or otherwise turned over to their counsel, and provide all of InPwr's Confidential Information still in their possession to their counsel, and shall thereafter permanently destroy or otherwise delete all such information from their records, electronic devices, email accounts, cloud storage accounts, external storage devices, or any other form of storing and/or accessing electronic data. Within two (2) business days thereafter, Defendants shall return all physical copies of such information and destroy all digital copies of such information, and certify in writing, under oath, and subject to the penalties for perjury that such return and destruction has been completed.

B. Defendants shall not use InPwr Confidential Information in their operation of Prizm, or otherwise in connection with any other

business whether personal or otherwise, and will not otherwise disclose such confidential information to other third parties.

C. From April 22, 2022 until April 22, 2024, the Defendants, and all those acting in concert with them or at their direction, shall not (on his or her own behalf or on behalf of any other person or entity, including but not limited to Brent Wampler, Alicia Smith, Jamie Lewis, and Prizm Electrical Solutions, Inc.):

    a. Directly or indirectly, sell, agree to sell, provide, agree to provide, engage, agree to engage, or otherwise prepare to sell, provide, or engage in any discussions whatsoever related to providing any product or service to or for the accounts identified in Paragraph 4(b)(i) of the parties' Confidential Settlement Agreement (the "Prohibited Companies");
    b. Directly or indirectly, solicit the sale or provision of, or assist others in the solicitation of the sale or provision of, any product or service to or for any of the Prohibited Companies; and/or
    c. Solicit or assist in the solicitation of any person who is a current InPwr employee for the purpose of hiring and/or otherwise employing such individual; provided however, this restriction shall not prevent the Defendants, or others acting in concert or participation with them, from hiring any current InPwr employee who initiates contact with any of them to express interest in employment opportunities or who submits any unsolicited application for employment (e.g., by responding to an internet job posting, general advertisement, etc.); provided further, this restriction shall have no application to former InPwr employees or to current or former InPwr contractors.

D. For the sake of clarity, the restrictions set forth in subsection C hereof with respect to Mr. Wampler shall be limited to those activities with respect to which he is acting on behalf of or in concert or participation with the Defendants. This Agreement shall not impose any limitations on Mr. Wampler's other business activities, including without limitation the activities of Custom Facilities, LLC.

E. The Court finds that the limited restrictions of this Injunction are reasonable, valid, and enforceable.

> F. This Court shall retain jurisdiction over this action to enforce the terms of this Injunction.
>
> G. This Injunction is and shall be binding on InPwr and Defendants, as well as their successors, heirs, and assigns.
>
> H. This case is hereby dismissed without prejudice to permit this Court to retain jurisdiction to enforce the terms of this Injunction.
>
> I. Each party shall bear its or his or her own expenses, attorneys' fees, and costs.
>
> J. There shall be no appeal from this Injunction.

Dkt. 32 at 6–7.

For the reasons discussed below, the agreed permanent injunction is **APPROVED**, dkt. [32].

## II.
## Analysis

A consent decree is "a court order that embodies the terms agreed upon by the parties as a compromise to litigation." *United States v. Alshabkhoun*, 277 F.3d 930, 934 (7th Cir. 2002). A "consent decree proposed by the parties must (1) 'spring from and serve to resolve a dispute within the court's subject matter jurisdiction'; (2) 'com[e] within the general scope of the case made by the pleadings'; and (3) 'further the objectives of the law upon which the complaint was based.'" *Komyatti v. Bayh*, 96 F.3d 955, 960 (7th Cir. 1996) (quoting *Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986)).

Here, based on its substance and context, the Court construes the agreed permanent injunction, dkt. 32, as a proposed Consent Judgment. *Cf. Shakman v. City of Chicago*, 426 F.3d 925 (7th Cir. 2005). The Court finds that

the proposed Consent Judgment satisfies each of the *Local No. 93* factors. First, InPwr's complaint is within the Court's subject matter jurisdiction because it is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332 (diversity jurisdiction). Second, the Consent Judgment's remedies come within the scope of the case. Dkt. 1 at 15–26. Third, the Consent Judgment will further the objectives of the law on which the complaint is based by prohibiting the employees from using InPwr's confidential information.

## III.
## Conclusion

For the reasons discussed above, the proposed Consent Judgment is **APPROVED** and will issue in a separate document. Dkt. [32]. The parties' previous motion for agreed permanent injunction and agreed order of dismissal is **DENIED as moot**. Dkt. [30].

**SO ORDERED.**

Date: 8/9/2022

                                                 James Patrick Hanlon
                                                 United States District Judge
                                                 Southern District of Indiana

Distribution:

Blake J. Burgan
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
bburgan@taftlaw.com

Gregory W. Guevara
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
gguevara@boselaw.com

Tyler John Moorhead
BOSE MCKINNEY & EVANS LLP
tmoorhead@boselaw.com

Jeffrey Wayne Parker, Jr.
Taft Stettinius & Hollister, LLP
jparker@taftlaw.com

Jonathan G. Polak
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
jpolak@taftlaw.com

Mark Wohlford
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
mwohlford@boselaw.com